Vitko v. McQuade                    CV-91-731-B    08/23/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Joseph E. Vitko, Jr.

       v.                              Civil No. 91-731-B

Paul R. McQuade et al.


**O R D E R**

In this consolidated action, plaintiff, Joseph E. Vitko, Jr. ("Vitko"), director and fifty-percent shareholder of VAM Enterprises, Inc. ("VAM"), seeks, among other things, recession of a real estate transaction and all attendant security agreements, including notes, mortgages, and conveyances related to this transaction.  At this juncture, the intervenors' motion for dismissal and/or summary judgment is pending.  For the following reasons, this motion is granted in part and denied in part.


**I.  BACKGROUND**

I recite only those facts relevant to the disposition of this motion, drawing all reasonable inferences in favor of Vitko,

the non-moving party.

In October 1990, a transaction purportedly occurred in which VAM purchased real estate known as Crosby Commons, Lot 4B-2, from its financial advisor, McQuade & McQuade Investments, Inc. ("McQuade Investments"). McQuade Investments owed certain obligations on the property to Durham Trust Company ("DTC"). Paul R. McQuade ("McQuade"), who was an officer, director and the sole shareholder of McQuade Investments as well as an officer, director, and shareholder of VAM, executed the transaction and transferred these obligations to VAM. McQuade also provided DTC with additional security for the transaction in the form of notes and mortgages on other assets belonging to VAM.[1] Vitko did not learn of the Crosby Commons transaction until February 1991. (Vitko Aff. ¶ 21.)

In April 1991, Vitko filed a petition in Strafford Superior Court to enjoin McQuade from entering into any agreements on behalf of VAM and to restrain VAM from making any payments on the Crosby Commons transaction to DTC. Soon thereafter, DTC, followed by its participating bank, the Pemigewasset National

---

[1] DTC subsequently failed, and the Federal Deposit Insurance Company ("FDIC") became a successor to VAM's alleged obligations to DTC.

2

Bank, intervened, as did the remaining shareholders in VAM, William P. McQuade, Douglas P. McQuade, and John David. In October 1991, Vitko filed a petition against McQuade Investments and a cross-petition against DTC to set aside and rescind the Crosby Commons Transactions. These actions were subsequently consolidated by order of the Superior Court and were later removed to this court by motion of DTC's successor, the FDIC. On July 1, 1993, Vitko was allowed to amend his petitions to assert shareholder's derivative claims against VAM, McQuade Investments, and the FDIC.

## II. DISCUSSION

### A. Arguments

The intervenors claim that Vitko does not have individual standing to seek the recession of the Crosby Commons transaction because he has not sustained a loss separate and distinct from that of other shareholders. Vitko disagrees and argues that N.H. Rev. Stat. Ann. § 293-A:7, para. I (1987)[2] allows a shareholder

---

[2] Although § 293-A:7 has since been amended and recodified, see N.H. Rev. Stat. Ann. 293-A:3.04 (Supp. 1992), the parties agree that to the extent that any provision controls at all, it would be the version set formally forth in N.H. Rev. Stat. Ann. 293-A:7.

to bring an individual suit to enjoin or restrain illegal action entered into by the corporation.[3]

B. Standard of Review

I assess the intervenors' motion according to the following principles. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); accord Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). A "material" issue is one that "affect[s] the outcome of the suit . . . ." Anderson, 477 U.S. at 248. The burden is on the moving party to aver the lack of a genuine, material factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the

---

[3] In their motion to dismiss and/or summary judgment, the intervenors also claimed that Vitko lacked standing to maintain a shareholder's derivative claim. However, for reasons discussed during the July 1, 1993 hearing, their motion on this point was denied.

record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists. Donovan v. Agnew, 712 F.2d 1509, 1516 (1st Cir. 1983).

C. Analysis

In general, a corporation's board of directors, not its shareholders, "has the authority to bring an action to redress an injury to the corporation." Appeal of Richards, 134 N.H. 148, 155, cert. denied, 112 S. Ct. 275 (1991). However, a shareholder's rights "may be directly affected, entitling him to sue in his individual capacity, '. . . where the shareholder suffered an injury separate and distinct from that suffered by other shareholders,' or by the corporation itself . . . ." Id. (citations omitted). Vitko claims that an exception to this general rule appears in section 293-A:7, para. I, of the New Hampshire Revised Statutes Annotated, which precludes the defense of lack of capacity except in the following context:

> I. In a proceeding by a shareholder against a corporation to enjoin the doing of any act or the transfer of real or personal

5

> property by or to the corporation. If the unauthorized act or transfer sought to be enjoined is being, or is to be, performed or made under a contract to which the corporation is a party, the court may, if all of the parties to the contract are parties to the proceeding and if it deems the same to be equitable, set aside and enjoin the performance of the contract . . . .

N.H. Rev. Stat. Ann. § 293-A:7, para. I (1987).

Because section 293-A:7, para. I, is potentially a gloss on the general common law rule, it must be construed narrowly. See Bolduc v. Herbert Schneider Corp., 117 N.H. 566, 568 (1977); see also Finlay Commercial Real Estate, Inc. v. Paino, 133 N.H. 4, 9 (1990). Nevertheless, if paragraph I of section 293-A:7 has any meaning, it must provide shareholders with standing to assert individual claims "against the corporation" to enjoin the transfer of real property. Moreover, if the other parties to the transaction have also been made parties to the proceeding, the statute also grants the shareholder standing to seek to have the transaction set aside. However, it does not provide shareholders with individual standing to assert claims against directors of the corporation. Rather, a shareholder's claim against a director must ordinarily be made in a derivative suit. Thus, in the present case, Vitko has individual standing against VAM and the other parties to the transaction. However, Vitko may not

6

assert individual capacity claims against McQuade in his capacity as director of VAM.

### III.  CONCLUSION

The intervenors' motion for dismissal and/or summary judgment (document no. 60), alleging Vitko lacked individual standing, is denied with respect to Vitko's individual claims against VAM, McQuade Investments, and the FDIC.  The motion, however, is granted with respect to Vitko's individual capacity claim against McQuade.  In so far as the motion seeks a ruling that Vitko lacks standing to assert shareholder's derivative claims against McQuade, the motion is denied.


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

August 23, 1993

cc:  David Garfunkle, Esq.
     James G. Noucas, Esq.
     Douglas C. Gray, Esq.
     Lynne M. Dennis, Esq.
     Deborah R. Reynolds, Esq.

7